UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROBERTA RILEY and DEVON RILEY,

                Plaintiffs,

              -against-

THE CITY OF NEW YORK, P.O. TIMOTHY PURCELL, Shield No. 5679, Individually and in his Official Capacity, SGT. MOISES ROSARIO, Shield No. 3356, Individually and in his Official Capacity, CPT. ERIC MULLIN, Tax ID No. 904640, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**12 CV 0680**

**JURY TRIAL DEMANDED**

**ECF CASE**

      Plaintiffs ROBERTA RILEY and DEVON RILEY, by their attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

    2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff ROBERTA RILEY is an African-American female and has been at all relevant times a resident of the City and State of New York.

7. Plaintiff DEVON RILEY is an African-American male and has been at all relevant times a resident of the City and State of New York.

8. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

10. At all times hereinafter mentioned, the individually named defendants P.O. TIMOTHY PURCELL, SGT. MOISES ROSARIO, CPT. ERIC MULLIN, and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTS**

14. On or about January 15, 2011 at approximately 12:00 p.m., plaintiffs ROBERTA RILEY and DEVON RILEY were lawfully present in their apartment located at 1980 7th Avenue, Apartment 5C, in the County, City and State of New York.

15. At the aforesaid time and place, defendant officers knocked on plaintiffs' apartment door claiming that someone was attempting to jump from plaintiffs' fire escape, to which plaintiff ROBERTA RILEY explained that everyone was fine.

16. Soon thereafter, several defendant officers shoved themselves into plaintiffs' apartment, knocking into plaintiff ROBERTA RILEY in the process.

17. Upon information and belief, the police officers did not enter pursuant to a valid search warrant.

18. The police officers did not provide a copy of any warrant to plaintiffs.

19. Upon information and belief, the police officers, if they did possess a warrant, did not enter in a manner or at a time authorized in the warrant.

20. Upon information and belief, plaintiffs were not listed or described as suspects or targets on any application for any warrant.

21. Despite the lack of criminal activity, defendant officers handcuffed plaintiffs ROBERTA RILEY and DEVON RILEY with their arms tightly behind their backs and charged them with Obstruction of Governmental Administration in the Second Degree.

22. At no time on January 15, 2011 did plaintiff ROBERTA RILEY and DEVON RILEY obstruct anyone from performing their duties or behave unlawfully in anyway.

23. At no time on January 15, 2011 did defendants possess probable cause to arrest plaintiff ROBERTA RILEY.

24. At no time on January 15, 2011 did defendants possess probable cause to arrest plaintiff DEVON RILEY.

25. At no time on January 15, 2011 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff ROBERTA RILEY.

26. At no time on January 15, 2011 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff DEVON RILEY.

27. As a result of her unlawful arrest plaintiff ROBERTA RILEY spent approximately thirty-six (36) hours in police custody and approximately three (3) months making numerous court appearances before the proceedings against her were dismissed on April 20, 2011.

28. As a result of his unlawful arrest plaintiff DEVON RILEY spent approximately thirty-six (36) hours in police custody and approximately three (3) months making numerous court appearances before the proceedings against him were dismissed on April 20, 2011.

29. As a result of the foregoing, plaintiff ROBERTA RILEY sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

30. As a result of the foregoing, plaintiff DEVON RILEY sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiffs ROBERTA RILEY and DEVON RILEY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

36. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

37. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

39. As a result of the foregoing, plaintiffs' liberty were restricted for extended periods of time, they was put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

40. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants misrepresented and falsified evidence before the New York County District Attorney.

42. Defendants did not make a complete and full statement of facts to the District Attorney.

43. Defendants withheld exculpatory evidence from the District Attorney.

44. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiffs ROBERTA RILEY and DEVON RILEY.

45. Defendants lacked probable cause to initiate criminal proceedings against plaintiffs ROBERTA RILEY and DEVON RILEY.

46. Defendants acted with malice in initiating criminal proceedings against plaintiffs ROBERTA RILEY and DEVON RILEY.

47. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiffs ROBERTA RILEY and DEVON RILEY.

48. Defendants lacked probable cause to continue criminal proceedings against plaintiffs ROBERTA RILEY and DEVON RILEY.

49. Defendants acted with malice in continuing criminal proceedings against plaintiffs ROBERTA RILEY and DEVON RILEY.

50. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

51. Specifically, defendants falsely and knowingly alleged that plaintiffs pushed defendant officers and prevented defendants from investigating the situation.

52. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff ROBERTA RILEY's favor on or about April 20, 2011 when the charges against her were dismissed.

53. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff DEVON RILEY's favor on or about April 20, 2011 when the charges against him were dismissed.

54. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## **UNDER 42 U.S.C. § 1983**

55. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "54" as if the same were more fully set forth at length herein.

56. Defendants created false evidence against plaintiffs ROBERTA RILEY and DEVON RILEY.

57. Specifically, defendants falsely and knowingly alleged that plaintiffs pushed defendant officers and prevented defendants from investigating the situation.

58. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

59. Defendants misled the prosecutors by creating false evidence against plaintiffs ROBERTA RILEY and DEVON RILEY and thereafter providing false testimony throughout the criminal proceedings.

60. In creating false evidence against plaintiffs ROBERTA RILEY and DEVON RILEY, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiffs' constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

61. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

62. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   i. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

   ii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing.

65. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

66. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

69.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs ROBERTA RILEY's and DEVON RILEY's constitutional rights.

70.     The acts complained of deprived plaintiffs of their rights:

   i.    Not to be deprived of liberty without due process of law;

   ii.   To be free from seizure and arrest not based upon probable cause;

   iii.  To be free from unlawful search;

   iv.   Not to have summary punishment imposed upon them; and

   v.    To receive equal protection under the law.

### PENDANT STATE CLAIMS

71.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     On or about March 9, 2011 and within ninety (90) days after the claim herein accrued, the plaintiffs duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim on behalf of both plaintiffs setting forth all facts and information required under the General Municipal Law § 50 (e).

73.     Defendant THE CITY OF NEW YORK has not yet scheduled a hearing pursuant to General Municipal Law § 50-h for either plaintiff.

74.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

75.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

76. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

77. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendants' aforementioned actions placed plaintiffs in apprehension of imminent harmful and offensive bodily contact.

79. As a result of defendants' conduct, plaintiffs ROBERTA RILEY and DEVON RILEY have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

80. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendant police officers touched plaintiffs ROBERTA RILEY and DEVON RILEY in a harmful and offensive manner.

82. Defendant police officers did so without privilege or consent from plaintiffs.

83. As a result of defendants' conduct, plaintiffs ROBERTA RILEY and DEVON RILEY have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

84. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendant police officers arrested plaintiffs ROBERTA RILEY and DEVON RILEY in the absence of probable cause and without a warrant.

86. As a result of the aforesaid conduct by defendants, plaintiffs ROBERTA RILEY and DEVON RILEY were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated. The aforesaid actions by the defendants constituted a deprivation of the plaintiffs' rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

87. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88. As a result of the foregoing, plaintiffs ROBERTA RILEY and DEVON RILEY were falsely imprisoned, their liberty was restricted for an extended period of time, they were put in fear for their safety, they were humiliated and subjected to handcuffing, and other physical restraints.

89. Plaintiffs were conscious of said confinement and did not consent to same.

90. The confinement of plaintiffs was without probable cause and was not otherwise privileged.

91. As a result of the aforementioned conduct, plaintiffs have suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

92. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

94. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

95. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

96. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiffs.

97. As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, and physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

98. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. On January 15, 2011, defendants commenced a criminal proceeding against plaintiffs ROBERTA RILEY and DEVON RILEY.

100. Defendants lacked probable cause to commence said criminal proceeding against plaintiffs ROBERTA RILEY and DEVON RILEY.

101. Defendants were motivated by actual malice in commencing said criminal proceeding against plaintiffs ROBERTA RILEY and DEVON RILEY.

102. From January 15, 2011 through April 20, 2011, plaintiffs were forced to repeatedly make appearances in Criminal Court to defend themselves against the unlawful prosecution initiated by defendants.

103. As a result of the malicious prosecution against them, plaintiffs ROBERTA RILEY and DEVON RILEY spent approximately thirty-six (36) hours in police custody.

104. On April 20, 2011, the criminal prosecution against plaintiffs ROBERTA RILEY and DEVON RILEY was terminated in their favor when the charges against her were dismissed.

105. As a result of the aforementioned conduct, plaintiffs suffered mental and physical injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

106. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

108. Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

109. Due to the negligence of the defendants as set forth above, plaintiffs ROBERTA RILEY and DEVON RILEY suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

110. As a result of the foregoing, plaintiffs are entitled to compensatory damages and are further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

     i. an order awarding compensatory damages in an amount to be determined at trial;

    ii. an order awarding punitive damages in an amount to be determined at trial;

   iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

   iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       January 26, 2012

                                      BY:_____/S_____
                                      JOSHUA FITCH
                                      COHEN & FITCH LLP
                                      Attorneys for Plaintiff
                                      233 Broadway, Suite 1800
                                      New York, N.Y. 10279
                                      (212) 374-9115
                                      jfitch@cohenfitch.com